BY THE COURT.
This is a contract for making two boilers and a cylinder, and to put up an engine, of which they formed a part, equal to any of that class. The language' employed does not necessarily obligate the defendant to make the other parts of the engine. Yet if there be in this section of country any technical meaning given to the word boiler, or cylinder, whereby, as words of art, they are understood to comprehend an entire engine, that fact may be proved.
The plaintiff then called a witness to the stand, against whom it was objected that he had been convicted of petit larceny. The record being produced showed the fact; that he pleaded guilty when arraigned, and on that plea was sentenced.
BY THE COURT. The legislature, 29 O. L. 143, have provided that persons convicted of any of the crimes described in the crimes act, except of manslaughter and duelling, shall be incompetent to certify as witness, except pardoned. That act embraces stealing of the value of $50, or upwards. The larceny of which this witness is convicted is for a less sum. At common law, one convicted of petit larceny was held a felon, and rendered incompetent to give evidence. Such convict in England is now rendered competent by act of parliament. It has been supposed here, that the provisions of our statute, which, in express terms, disqualifies those guilty of grand larceny, impliedly admits those guilty of petit larceny as competent to testify.
The judges differing in opinion upon the last point, the witness was permitted to be sworn.
The defendant then called his co-partner as a witness, and executed to him a release.
BY THE COURT. This contract is a partnership contract in equity, though in law so executed as to subject one of the partners only, upon the covenant, as but one sealed it. There can be but little doubt but that, if a recovery is had, and the defendant prove insolvent, the witness might be subjected in equity to the debt. He 144] is ^called, then, in favor of his own interest, and the release of his co-partner- cannot affect his liability to the other party to the covenant. He must be rejected.
Verdict for the plaintiff, $176.85, and judgment.
*145 [James v. Richmond & Bostwick, 5 O. 337, is same case on other points.
That one partner’s contract under seal may he in equity a firm liability; Purviance v. Sutherland, 2 O. S. 478, 482.
Attaching a seal does not vitiate a contract; Johnson v. Nelson, 3 W. L. M. 306, 310; scrawl seal, ib. 309, 310.]